[941 NYS2d 524]

In the Matter of RORY KIERNAN CLARK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 10, 2012

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Rory Kiernan Clark*, Pinckney, Michigan, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion dated May 9, 2011, this Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), based on his conviction of a serious crime, continuing until further order of the Court, authorized the Grievance Committee for the Ninth Judicial District to institute and prosecute a disciplinary proceeding against the respondent, based upon his conviction of a serious crime, and referred the matter to the Honorable Lewis L. Douglass, as Special Referee, to hear and report.

On February 2, 2010, the respondent pleaded guilty in Michigan Circuit Court for the County of Washentaw (Shelton, J.) to removal of public records, as a result of his unauthorized removal of records from the Washentaw County courthouse. On March 16, 2010, the respondent was ordered to pay a fine of $100, court costs of $400, and a crime victim's assessment fee of $50. The respondent's sentence of 30 days in the county jail, based upon his inability to pay the fine, costs, and assessment fee on the day of sentencing was stayed and, ultimately, suspended based upon his timely payment of the fine, costs, and assessment fee. The respondent also was barred from accessing any court files without prior written permission.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition, dated May 26, 2011, containing two charges of professional misconduct.

Charge one alleges that the respondent is guilty of engaging in illegal conduct that reflects upon his honesty, trustworthiness, or fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), by virtue of his conviction of a serious crime, as defined by Judiciary Law § 90 (4) (d) and/or 22 NYCRR 691.7 (b), as follows:

> "1. On February 2, 2010, in Michigan State Court in and for the County of Washentaw, Michigan, respondent pleaded guilty before the Hon. Donald E. Shelton to a violation of Michigan Criminal Law § 750.491 (Removal of Public Records), a 'high misdemeanor' offense under Michigan Law.
>
> "2. On March 16, 2010, respondent was sentenced

by Judge Shelton to pay a fine of $100.00, court costs of $400.00, and a crime victim's assessment fee of $50.00, and was also barred from accessing any court files without the prior written permission of the Court.

"3. Although respondent was also sentenced to serve thirty (30) days in the Washentaw County Jail, based upon his inability to pay the aforementioned fine, costs, and assessment fee, said incarceration was ultimately suspended on the basis of his timely payment of same."

Charge two alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), in that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), as specified in charge one.

The Special Referee sustained charges one and two. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent cross-moves to confirm the report of the Special Referee, and asks the Court to be lenient in its imposition of discipline.

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one and two. Accordingly, the petitioner's motion to confirm the report of the Special Referee, and the respondent's cross motion to confirm the report of the Special Referee, are granted.

In determining an appropriate measure of discipline to impose, we have considered the absence of venality, the fact that no clients were harmed, and the respondent's remorse. The respondent has one prior, unrelated letter of caution.

Under the totality of circumstances, the respondent is reinstated to the practice of law and censured for his professional misconduct.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and BELEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee, and the respondent's cross motion to confirm the report of the Special Referee, are granted; and it is further,

Ordered that the respondent, Rory Kiernan Clark, is reinstated to the practice of law; and it is further,

Ordered that the respondent, Rory Kiernan Clark, is censured for his professional misconduct.